# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAVELLE JACKSON,

                      Petitioner,

v.

STATE OF WISCONSIN,

                      Respondent.

Case No. 18-MC-26-JPS

**ORDER**

On July 23, 2018, Petitioner Lavelle Jackson ("Jackson"), proceeding *pro se*, filed a one-page document captioned as a motion to stay a state court criminal case and related appeal. (Docket #1). In the motion, Jackson—a Wisconsin prisoner—suggests that he has lost in the Wisconsin Court of Appeals and may be seeking further review of that decision. *Id.* He says that he is using "due diligence" but "does not . . . underst[an]d the complex[] criminal justice system[.]" *Id.* Jackson asks this Court for a "stay to allow him a completed round to present his well establish[ed] Supreme Court law claims in the State of Wisconsin." *Id.* In the caption, Jackson indicates that he wants the stay in order to "protect his equal protection right to file a 28 U.S.C. § 2254." *Id.*

The motion must be denied for two reasons. First, to the extent Jackson seeks an extension of time to file a federal habeas petition under Section 2254, the Court cannot grant it, as the time period is set by statute. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of

Section 2244(d)(1)(A) when all direct criminal appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The one-year limitations period may be tolled pursuant to the provisions in 28 U.S.C. § 2244(d)(1)(B)–(D). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). That period may also be equitably tolled if a state prisoner encounters some impediment other than those covered in Sections 2244(d)(1)(B)–(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001). Equitable tolling excuses an untimely filing when "extraordinary circumstances far beyond the litigant's control. . .prevented timely filing." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003).

Second, if Jackson is seeking to bring a "protective" habeas petition while he exhausts his state court remedies, that request must be denied, as Jackson has not supplied the minimum amount of information needed for the Court to evaluate it against the applicable legal standards. The Supreme Court has instructed prisoners who are unsure about whether they have properly exhausted state remedies to file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). The Seventh Circuit instructs that such petitions should usually be granted "whenever good cause is shown and the claims are not plainly meritless[.]" *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Pace*, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be

timely will ordinarily constitute 'good cause' for him to file in federal court.").

This is a low threshold for a prospective habeas petitioner. But in Jackson's case, all the Court has before it is his one-page motion. There is no petition attached explaining the nature of Jackson's conviction, sentence, appeal, collateral attacks, or the habeas claims he wishes to assert. The motion itself says nothing about these matters. As such, the Court is totally unable to determine whether Jackson's claims are plainly meritless or whether good cause exists for granting a stay and abeyance.[1] Consequently,

---

[1] In any event, it appears that Jackson's bid for federal habeas relief is doomed from the outset. There are a number of procedural hurdles a prospective habeas petitioner must pass in order for a federal court to address their claims on the merits. One is the statute of limitations described above. Another is procedural default. A state prisoner may only seek relief from his conviction in federal court if he has fairly presented his claims to the state courts. *Richardson v. Lemke*, 745 F.3d 258, 268-69 (7th Cir. 2014). Fair presentment requires the prisoner to "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* at 268. "The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* If the prisoner fails to do this, the claim is procedurally defaulted and cannot be heard in federal court.

In light of the language Jackson uses in his motion, it appears he may know something about procedural default. However, as it stands, his claims are defaulted. Review of publicly available court records shows that Jackson was convicted of repeatedly sexually assaulting his daughter. *State of Wisconsin v. Lavelle Jackson*, Milwaukee County Circuit Court Case No. 2011-CF-4561, *available at*: https://wcca.wicourts.gov. He appealed, and the Court of Appeals affirmed in August 2017. *State of Wisconsin v. Lavelle Jackson*, 904 N.W.2d 143, 2017 WL 3730419 (Wis. Ct. App. Aug. 29, 2017). To complete one round of state level appeals, Jackson needed to file a petition for review with the Wisconsin Supreme Court within thirty days of that decision. Wis. Stat. §§ 809.62(1m)(a), 808.10(1). There is no indication that he did so, either in the docket of his appeal or his underlying criminal case. Whether or not Jackson can correct this problem with further state court proceedings is unclear, but at this stage, his claims are procedurally defaulted and cannot be properly presented to a federal court.

the Court is obliged to deny Jackson's motion and dismiss this action.[2]

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2]Perhaps in recognition of the fact that Jackson's filing was not accompanied by a habeas petition—as is usually the case—the Clerk of the Court opened this as a miscellaneous civil matter. That action must be closed with the denial of Jackson's motion.